Christine I. Gannon
Eleonore Ofosu-Antwi
**WALSH PIZZI O'REILLY FALANGA LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
(973) 757-1100

**Of Counsel:**
John Cyril Malloy, III
Oliver Alan Ruiz
W. John Eagan
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
 (305) 858-8000

*Attorneys for Plaintiffs EWC P&T, LLC
and EWC Franchise, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

EWC P&T, LLC, a Florida limited liability
company, and EWC Franchise, LLC, a
Florida limited liability
company,

                                        Civil Action No.

_____
                    Plaintiffs,

        v.

NV WAX CENTER LLC d/b/a CIRE          *Electronically Filed*
EUROPEAN WAX CENTER,
a New Jersey limited liability company,
BETH HAZLEWOOD, an individual, and
AMY HAZLEWOOD, an individual,

                    Defendants.
_____

1

## COMPLAINT

Plaintiff, EWC P&T, LLC, a Florida limited liability company, and Plaintiff, EWC Franchise, LLC, a Florida limited liability company (hereinafter individually and collectively, as applicable "Plaintiff"), by and through undersigned counsel, hereby complain against Defendants, NV WAX CENTER LLC d/b/a CIRE EUROPEAN WAX CENTER, a New Jersey limited liability company (hereinafter "CIRE"), BETH HAZLEWOOD, an individual, and AMY HAZLEWOOD, an individual, (hereinafter collectively, "Defendants") and alleges as follows:

## THE PARTIES

1.       Plaintiff, EWC P&T, LLC ("EWC P&T"), is a limited liability company duly organized and existing under the laws of Florida, located at and doing business at The Village of Gulfstream Park 600 Silks Run, Suite 2270, Hallandale Beach, Florida 33009).

2.       Plaintiff, EWC Franchise, LLC ("EWC Franchise"), is a limited liability company duly organized and existing under the laws of Florida, located at and doing business at The Village of Gulfstream Park 600 Silks Run, Suite 2270, Hallandale Beach, Florida 33009.

3.       Upon information and belief, Defendant, NV Wax Center LLC, is a New Jersey limited liability company with a place of business at 4 Oliver Court, Hillsborough, New Jersey, 08844 and is doing business as CIRE EUROPEAN WAX CENTER.

4.       Upon information and belief, Defendant, Beth Hazlewood, is an individual residing in New Jersey, is a prior employee of a franchisee of EWC Franchise, has the capacity to control the acts of CIRE, supervises and has the ability to supervise the acts of infringement alleged against CIRE, has induced, caused, and/or is a motivating force behind the infringing activity set forth herein, has a financial interest in and/or actually participated in this infringing activity, and

committed the breach of contract complained of herein.

5.      Upon information and belief, Defendant, Amy Hazlewood, is an individual residing in New Jersey, is an officer of CIRE, has the capacity to control the acts of CIRE, supervises and has the ability to supervise the acts of infringement alleged against CIRE, has induced, caused, and/or is a motivating force behind the infringing activity set forth herein, and has a financial interest in and/or actually participated in this infringing activity.

### JURISDICTION AND VENUE

6.      This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114 and 1125(a), for trademark infringement, trade dress infringement, false designation of origin, and related unfair competition; under the Copyright Act of 1976 17 U.S.C. § 101 *et seq.*, for copyright infringement and unjust enrichment; for common law trademark infringement, false designation of origin, and related unfair competition under the common law of New Jersey; and for breach of contract under Florida law.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. § 1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. § 1367.

8.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332, since the matter is between residents of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.      Upon information and belief, jurisdiction is proper in that:

          a.      Defendants are residents of the State of New Jersey;

     b.     Defendants operate, conduct, engage in, or carry on a business or business venture in the State of New Jersey;

     c.     Defendants have committed tortious acts within the State of New Jersey, including the infringement complained of herein;

     d.     Defendants are engaged in substantial and not isolated activity within the State of New Jersey.

10.     Venue is proper under 28 U.S.C. § 1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey. Furthermore, Defendants market and advertise the infringing goods and services in the District of New Jersey, and do business in the District of New Jersey.

11.     Venue is proper under 28 U.S.C. § 1391(c) in that Defendants' contacts are sufficient to subject them to personal jurisdiction in the District of New Jersey, for the reasons set forth above.

## BACKGROUND FACTS

12.     European Wax Center® is a national beauty brand with over 750 European Wax Center® franchise licenses awarded throughout the United States that are at various stages of development, including over 550 franchise and corporate store locations that are open and operating.

13.     Plaintiff, EWC P&T, is the owner of the incontestable registered trademark, EUROPEAN WAX CENTER®, U.S. Registration No. 3,097,087, for use in connection with beauty salon services featuring hair removal, as well as other trademark and intellectual property rights used or held for use in connection with all aspects of European Wax Center® operations,

4

which are licensed to EWC Franchise and its franchisees and others, as applicable, for use in connection with European Wax Center® operations.

14.      Plaintiff, EWC P&T,  is also the owner of U.S. Trademark Reg. No. 4,603,144 for REVEALING BEAUTIFUL SKIN® (together with EUROPEAN WAX CENTER, referred to herein collectively as the "EWC Marks"), in connection with beauty salon services featuring hair removal.

15.      The EWC Marks were adopted and used in commerce long prior to any date upon which Defendants can rely.

16.      Such adoption and use of the EWC Marks was in interstate commerce, and since that time, the EWC Marks have been in continuous use in interstate commerce.

17.      Plaintiff (as well as its affiliates and others engaged in European Wax Center® operations) have invested substantial amounts of money, time, and effort to advertise the goods and services bearing the EWC Marks (hereinafter the "European Wax Center® goods and services") widely to the purchasing public, by all means and all types of media, such that the EWC Marks have been and are now associated in the public mind exclusively with Plaintiff.

18.      The European Wax Center® goods and services have come to be known to the purchasing public and the trade as being of the highest quality and sold under the highest standard of customer service. As a result thereof, the EWC Marks, as well as the goodwill associated therewith, are of tremendous value to Plaintiff.

19.      Since long before any date upon which Defendants can rely, Plaintiff and its affiliates have been promoting European Wax Center® goods and services through the European Wax Center® distinctive website located at www.waxcenter.com (hereinafter the "EWC

Website"). A copy of the EWC Website as it appeared on August 9, 2016, is attached hereto as Exhibit A.

20.     Plaintiff has invested substantial time, skill, and resources in creating and developing the EWC Website. The EWC Website contains various elements that, when viewed together, contribute to the overall look and feel of the webpage that is distinctive to the European Wax Center® brand, and has come to distinguish European Wax Center® goods and services from those of others.

21.     The EWC Website bears Plaintiff's trade name and other trademarks, notifying the public of the source of the goods offered therein. Furthermore, the "Terms of Use" on the EWC Website contains notification to the public that the website and its content are protected and may not be copied without Plaintiff's prior consent.

22.     Additionally, Plaintiff EWC P&T registered the copyright in the EWC Website by depositing a copy thereof with the U.S. Copyright Office. A copy of the deposit materials, as well as Certificate of Registration bearing Registration No. VA 1-978-299 are attached hereto as Exhibit B (hereinafter the "Copyrighted Works").

## DEFENDANTS' INFRINGING CONDUCT AND UNLAWFUL ACTIVITY

### The Accused Marks

23.     From approximately August 2015 to January 2016, Defendant Beth Hazlewood was employed with a European Wax Center® franchisee in Bridgewater, New Jersey.

24.     In connection with her employment, Defendant Beth Hazlewood executed a Non-Disclosure and Non-Solicitation Agreement attached hereto as Exhibit C.

25.     In July 2016, upon information and belief, the Defendant Beth Hazlewood together

with the remaining Defendants, opened a competing business establishment under the trade name and infringing mark CIRE EUROPEAN WAX CENTER ("the Accused Mark") in nearby Hillsborough, New Jersey, offering, among other things, body waxing services.

26.     Defendants compete with Plaintiff and its franchisees, and European Wax Center® operations with respect to the provision of waxing services and the sale of beauty and cosmetic products.

27.     Additionally, Defendants operate a website located at www.cirewaxcenter.com ("Defendants' Website"), a copy of which is attached hereto as Exhibit D.

28.     Defendants' Website prominently displays the Accused Mark, and the infringing mark and slogan "SMOOTH. BEAUTIFUL. SKIN." (together with CIRE EUROPEAN WAX CENTER, the "Accused Marks").

29.     Defendants' ongoing use of the Accused Marks is in total disregard of Plaintiff's rights and constitutes willful and intentional infringement of the EWC Marks.

30.     Upon information and belief, Defendants have enjoyed and continue to enjoy financial gain and profit from the sale and marketing of the goods and services that utilize the Accused Marks.

## The Infringing Website

31.     Defendants' Website is, in some instances a direct copy, and in other instances, confusingly similar in its overall look and feel with regard to the look and feel of the EWC Website, which is distinctive or has acquired distinctiveness and secondary meaning. More specifically:

    a.  The EWC Website heavily emphasizes large glamorous photographs of models with relevant information and navigational tools overlaid thereon. Defendants'

7

Website also heavily emphasizes large glamorous photographs of models with relevant information and navigational tools overlaid thereon.

b. The EWC Website includes an upper navigation bar in a contrasting red hue, with its EUROPEAN WAX CENTER® trademark depicted on the upper left corner, and links to each page along the navigation bar. Defendants' Website also includes an upper navigation bar in a contrasting red hue, which is confusingly similar to Plaintiff's red hue, and its infringing CIRE EUROPEAN WAX CENTER trademark depicted on the upper left corner.

c. The EWC Website includes a page outlining its services, and rates for each service, and is headlined with the slogan FEELING GORGEOUS BEGINS HERE. Defendants' Website also includes a page outlining its services, and rates for each service, and is headlined with the slogan FEELING GORGEOUS BEGINS HERE. Moreover, Defendants' price points are essentially identical to those on the EWC Website.

d. The navigational links for the EWC Website include "Services", "Strut 365", "The EWC Experience", "Locations", "Make a Reservation", "Register", and "Login". The navigational links for Defendants' Website include "Home", "Services & Rates", "FAQ", "Packages", "Contact Us", "Register", and "Login".

e. The EWC Website includes a lower navigational bar as well, including links for "Contact Us", "Terms of Use", "Privacy Policy", "FAQs", "Join Us", "Intranet", and links to Plaintiff's social media. Defendants' Website includes a lower navigational bar as well, including links for "Contact Us", "FAQ", "Hours of

Operation", and a link to Defendants' social media.

32.     Defendants' aforesaid use of the Accused Marks and its use of Defendants' Website, in connection with the sale and offering for sale of identical goods and services, is designed and is calculated and is likely to divert consumers from the EWC Website and Plaintiff's European Wax Center® operations, to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendants' goods or services, and to cause them to believe that Defendants' goods or services are those of Plaintiff and its European Wax Center® operations, or are sponsored, licensed, authorized, or approved by Plaintiff and its European Wax Center® operations, all to the detriment of Plaintiff, its affiliates, franchisees, the trade, and the public.

33.     Since long prior to Defendants' use, Plaintiff has enjoyed substantially exclusive and continuous use of its distinctive website elements, and has acquired distinctiveness in the mind of the consuming public such that the EWC Website, and its distinctive visual elements that comprise its distinctive look and feel, has come to be associated in the mind of consumers with Plaintiff and its European Wax Center® operations as being the source of the European Wax Center® goods and services.

34.     Defendants have had access to the Copyrighted Works, including but not limited to, by virtue of Defendant Beth Hazlewood's employment with a franchisee of Plaintiff.

35.     Defendants' access to, and willfulness in copying, Plaintiff's works is evidenced by the identical price points and identical slogan FEELING GORGEOUS BEGINS HERE.

36.     Thereafter, and subsequent to the creation, publication, and use in commerce by Plaintiff of its Copyrighted Work, Defendants infringed the registered copyright of Plaintiff by

creating Defendants' Website which is a copy and/or derivative work of the Copyrighted Works, in violation of Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 501.

37.    Defendants' Website is identical to, and/or substantially similar to, the Copyrighted Works, and is used in connection with competing goods and services.

38.    Upon information and belief, Defendants' aforesaid acts were deliberate, willful, and intentional violations of Plaintiff's rights for the purpose of commercial gain, and were done so knowingly without the authorization of Plaintiff and with full knowledge of, and copied from, the Copyrighted Works.

39.    Defendants' use of the Accused Marks, Defendants' Website, and the Copyrighted Works, is without the license, authorization, or consent of Plaintiff.

40.    Moreover, the similarity of the Accused Marks to the EWC Marks, and the similarity of Defendants' Website to the EWC Website, coupled with the fact that Defendant Beth Hazlewood was previously employed by a franchisee of Plaintiff, evidences a scheme to trade on the goodwill of Plaintiff that is willful and with knowledge of Plaintiff's intellectual property rights, and in disregard thereof.

**The Non-Disclosure and Non-Solicitation Agreement**

41.    The Non-Disclosure and Non-Solicitation Agreement (the "Agreement") submitted herewith as Exhibit C provides that Defendant Beth Hazlewood may not:

a.    "communicate or divulge to (or use for the benefit of) any other Person … now or at any time in the future, any Trade Secrets or other Confidential Information" as defined in the Agreement; (Paragraph 2(a)) and,

b.    "in any manner or at any time, either directly or indirectly use an party of the

Confidential Information or the Trade Secrets except in connection with the operation of the Franchise Business, and in no case in any manner detrimental to Franchisee, Franchisor, or their respective affiliates." (Paragraph 2(b).

42.     Additionally, Paragraph 2(d) of the Agreement states "[i]f Individual operates any other business, Individual shall not use or display any of the Marks, or any confusingly similar trademark, in any manner whatsoever in connection with such other business and/or the promotion thereof."

43.     Furthermore, for a period of two years following the termination of her employment, Defendant Beth Hazlewood agreed to refrain from:

c.     "divert[ing] or attempt[ing] to divert any business or customer of [Plaintiff] to any competitive business…" (Paragraph 3(i));

d.     "do or perform … any other act injurious or prejudicial to the goodwill associated with [the EWC Marks]…" (Paragraph 3(ii)); and,

e.     "solicit or otherwise attempt to induce or influence any employee or other business associate of [Plaintiff] … or any franchisee …to compete against, or terminate his, her, or its employment … with [Plaintiff or] any such franchisee…" (Paragraph 3(iii)).

44.     Upon information and belief, Defendant Beth Hazlewood has solicited or otherwise attempted to induce or influence employees of a European Wax Center franchisee to terminate their employment and to join Defendants' competing business.

45.     Plaintiff has been damaged by Defendants' acts of infringement and Defendant Beth Hazlewood's breach of contract.

46.     Defendants' aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. §1114

## EWC P&T AGAINST ALL DEFENDANTS

47.     Plaintiff incorporates the allegations of the Paragraphs 1 through 46 as if fully set forth herein.

48.     Plaintiff (along with others engaged in European Wax Center® operations) has used and continues to use the EWC Marks in interstate commerce in connection with European Wax Center® goods and services.

49.     With full knowledge and awareness of Plaintiff's ownership and prior use of the EWC Marks, Defendants continue to use the Accused Marks on identical or highly related goods and services, in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

50.     Defendants' use of the Accused Mark in commerce and in connection with competing goods and services is a use of a word, term, name, device, or any combination thereof, that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with European Wax Center®; and/or likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by European Wax Center®.

51.     Defendants' acts in using the Accused Marks and the EWC Marks, or reproductions, counterfeits, copies, or colorable imitations thereof, constitute direct, contributory,

or vicarious infringement pursuant to 15 U.S.C. § 1114(1)(a).

52.    Defendants' acts have been willful.

53.    Defendants' acts have damaged Plaintiff, including damaging the goodwill associated with the EWC Marks, and upon information and belief, have diverted or will divert sales from European Wax Center® operations, and create the impression that Plaintiff and its affiliates are an infringer when in fact Defendants are the infringer.

54.    Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

55.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND
### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

### AGAINST ALL DEFENDANTS

56.    Plaintiff incorporates the allegations of Paragraphs 1 through 46 as if fully set forth herein.

57.    Plaintiff (along with others engaged in European Wax Center® operations) has used and continues to use the EWC Marks in interstate commerce in connection with European Wax Center® goods and services.

58.    Defendants' use of the Accused Marks in commerce and in connection with competing goods is a false designation of origin that is likely to cause confusion, mistake, or to

deceive as to the affiliation, connection, or association of Defendants with European Wax Center®; and/or likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by European Wax Center®.

59.     Defendants' acts thus constitute direct, contributory, or vicarious unfair competition, false designation of origin, and/or false description or representation in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60.     Defendants' acts have damaged Plaintiff, including damaging the goodwill associated with the EWC Marks, and upon information and belief, have diverted or will divert sales from European Wax Center® operations, and create the impression that Defendants are affiliates with Plaintiff, are operating their business with Plaintiff's authorization or consent, or even worse, Plaintiff and its affiliates are an infringer when in fact Defendants are the infringers.

61.     As a direct and proximate result of Defendants' aforesaid acts, Plaintiff has suffered, and will continue to suffer, irreparable harm.

62.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT III

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION WITH RESPECT TO TRADE DRESS 15 U.S.C.  1125(a)

### AGAINST ALL DEFENDANTS

63.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 46 as if fully set forth herein.

64.     Defendants' use of Defendants' Website in commerce and in connection with

competing goods is a false designation of origin, false description, and false representation by Defendants that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendants with European Wax Center®; and/or likely to cause confusion, mistake, or to deceive as to the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities by European Wax Center®.

65.     Defendants' aforesaid acts constitute direct, contributory, or vicarious unfair competition and false designation and/or false description of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     Defendants' acts have damaged Plaintiff, including damaging the goodwill associated with Plaintiff's trade dress, namely the EWC Website, and upon information and belief, have diverted or will divert sales from European Wax Center® operations, and create the impression that Defendants are affiliates with Plaintiff, are operating their business with Plaintiff's authorization or consent, or even worse, that Plaintiff and its affiliates are an infringer when in fact Defendants are the infringers.

67.     Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable harm.

68.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT IV
## COPYRIGHT INFRINGEMENT

## EWC P&T AGAINST ALL DEFENDANTS

69.     Plaintiff incorporates herein each and every allegation set forth in paragraphs 1

through 46 as if fully set forth herein.

70.     All statutory conditions precedent to the institution and maintenance of the instant action have been performed or have occurred.

71.     Defendants have infringed, vicariously infringed, contributed to, or induced the infringement of the Copyrighted Works, under 17 U.S.C. § 501, by making, reproducing and distributing, directing to be made, reproduced and distributed, and assisting in making, reproducing and distributing, Defendants' Website which is identical to or substantially similar, and based upon and copied from the Copyrighted Works.

72.     Upon information and belief, Defendants' aforesaid acts were deliberate, willful, and intentional violations of Plaintiff's rights for the purpose of commercial gain, and were done so knowingly without the authorization of Plaintiff and with full knowledge of Plaintiff's rights.

73.     Defendants' acts of direct and/or indirect infringement have damaged Plaintiff and have unjustly enriched Defendants.

74.     Defendants' aforesaid acts have cause and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

75.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS

76.     Plaintiff incorporates the allegations of Paragraphs 1 through 46 as if fully set forth herein.

77.     Defendants' aforesaid acts constitute direct, contributory, or vicarious infringement, unfair competition, misappropriation, and misuse of the EWC Marks, unfair competition, trademark infringement, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendants, all in violation of Plaintiff's rights at common law and under the law of the State of New Jersey.

78.     Defendants have used, in connection with the sale of goods and services, a term or name that is false and misleading and likely to cause confusion or cause mistake or deceive the public as to the affiliation, connection or association of Defendants with European Wax Center® as to the origin, sponsorship or approval of its goods, services, or commercial activities in violation of common law.

79.     Plaintiff owns and enjoys common law trademark rights in the EWC Marks in New Jersey in conjunction with European Wax Center® goods and/or services, which rights are superior to any rights that Defendants may claim in and to the Accused Marks.

80.     The sale by Defendants of goods and services bearing the Accused Marks in the State of New Jersey is likely to cause confusion as to the source of its goods, in that purchasers thereof will be likely to associate or have associated such products as originating with Plaintiff and its European Wax Center® operations, or vice versa, all to the detriment of Plaintiff, its affiliates, franchisees, the trade, and the public.

81.     Defendants' acts have damaged Plaintiff, including by damaging the goodwill associated with the EWC Marks, and upon information and belief, have diverted or will divert sales from European Wax Center® operations.

82.     Defendants' aforesaid acts have caused and will continue to cause great and

irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable harm.

83.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT VI

### COMMON LAW TRADE DRESS INFRINGEMENT

### AGAINST ALL DEFENDANTS

84.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 46, as if fully set forth herein.

85.     Plaintiff enjoys well-established common law trade dress rights in and to the EWC Website, which rights are superior to any rights that Defendants may claim, and has built significant goodwill in same.

86.     Defendants have used, in connection with the offer or sale of similar goods or services, Defendants' Website, which is false and misleading and likely to cause confusion or cause mistake or deceive the public as to the affiliation, connection or association of Defendants with European Wax Center® as to the origin, sponsorship or approval of its services or commercial activities in violation of common law.

87.     Defendants' use of Defendants' Website is likely to cause confusion as to the source of its goods or services in that consumers thereof will be likely to associate or have associated such services as originating with European Wax Center®, all to the detriment of Plaintiff.

88.     Defendants' use of Defendants' Website violates Plaintiff's common law trade dress rights and has caused damage to Plaintiff, including by tarnishing the valuable goodwill

associated with Plaintiff's trade dress and the European Wax Center® goods and services.

89.     Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

90.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## COUNT VII

## BREACH OF CONTRACT UNDER FLORIDA LAW

## AGAINST DEFENDANT BETH HAZLEWOOD

91.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 90, inclusive, as if fully set forth in this paragraph.

92.     Defendant Beth Hazlewood executed the Agreement attached as Exhibit C in connection with her employment with a European Wax Center® franchisee, which by its terms, shall be governed by, and construed and enforced in accordance with the laws of the State of Florida without regard to its principles of conflicts of laws.

93.     Plaintiff is a party to and/or third-party beneficiary of the Agreement.

94.     Upon information and belief, Defendant Beth Hazlewood has communicated or divulged, and used or is using for the benefit of a competing business, Trade Secrets and/or Confidential Information of Plaintiff, in violation of Paragraph 2(a) of the Agreement.

95.     Upon information and belief, Defendant Beth Hazlewood has used and continues to use Confidential Information or Trade Secrets of Plaintiff in a manner that is detrimental to Plaintiff, its franchisees, and their affiliates, by virtue of her acts with respect to the competing business of the Defendant CIRE EUROPEAN WAX CENTER, in violation of Paragraph 2(b) of

the Agreement.

96.    Upon information and belief, Defendant Beth Hazlewood is involved in the operation of another business that is using and displaying confusingly similar trademarks with respect to the EWC Marks, and/or is using a designation of origin that falsely suggests or represents an association or connection with Plaintiff, in violation of Paragraph 2(d) of the Agreement.

97.    Additionally, within months of terminating her employment with Plaintiff, Defendant Beth Hazlewood attempted to solicit, induce, or influence at least two employees of a European Wax Center® franchisee located in Bridgewater, New Jersey (where Defendant Beth Hazlewood was formerly employed), to terminate their employment with the franchisee for the purpose of employment with Defendant CIRE EUROPEAN WAX CENTER, a competing business, in violation of Paragraph 3 of the agreement.

98.    For at least the reasons set forth above, Defendant Beth Hazlewood has materially breached the Agreement.

99.    At all times material hereto, Plaintiff has performed its obligations under the Agreement.

100.    Defendant Beth Hazlewood's actions have damaged and will continue to damage Plaintiff.

101.    Defendant Beth Hazlewood's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

102.    By reason of Plaintiff's irreparable injury resulting from Defendant Beth Hazlewood's aforesaid acts, and pursuant to Paragraph 5 of the Agreement, Plaintiff is entitled to

a preliminary and permanent injunction restraining further violations of the Agreement, without any requirement to show any actual damage, irreparable harm, or establish a balance of convenience or to post any bond or other security.

103.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiff's favor on the claims set forth above and award Plaintiff the following relief:

a.      That this Court will adjudge that the EWC Marks have been infringed, as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, including Defendants' use of the Accused Marks, in violation of Plaintiff's rights under federal and state law.

b.      That this Court will adjudge that Plaintiff's trade dress has been infringed, as a direct and proximate result of the willful acts of Defendants as set forth in this Complaint, including Defendants' use of Defendants' Website, in violation of Plaintiff's rights under federal and state law.

c.      That this Court will adjudge that Defendants' acts have resulted in false designation of origin, and that Defendants have competed unfairly with Plaintiff and its affiliates and others engaged in European Wax Center® operations in violation of Plaintiff's rights under federal and state law.

d.      That this Court will adjudge that the copyright in and to the Copyrighted Works is valid, owned by Plaintiff, and has been infringed as a direct and proximate result of the acts of

Defendants as set forth in this Complaint, in direct violation of Plaintiff's rights under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

  e.  That Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

    i.  From using the EWC Marks, the Accused Marks, any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and/or services;

    ii.  From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized goods and/or services of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff or its European Wax Center® operations, and/or that the goods of European Wax Center® are inferior to, copies of, infringing of or imitations of the goods of European Wax Center®, or that Defendants' goods are the first or original such services;

    iii.  From infringing, contributing to, conspiring to, or inducing the infringement of the EWC Marks;

    iv.  From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff or its

European Wax Center® operations, or their respective goods or services;

     v.      From falsely representing themselves or their affiliates as being connected with European Wax Center®, or sponsored by or associated with European Wax Center®, or engaging in any act which is likely to falsely cause the trade and/or members of the purchasing public to believe that Defendants or their affiliates are associated with European Wax Center® and/or that European Wax Center® is associated with Defendants or infringing upon any mark of Defendants in the use of the EWC Marks, and that Defendants be prohibited from any and all use of the EWC Marks;

     vi.      From using Defendants' Website, the look and feel of the EWC Website and trade dress, or any website confusingly similar thereto, in connection with the sale of any similar, related, or unauthorized goods or the rendering of any similar, related, or unauthorized services;

     vii.      From using any combination of features on a website which give an overall look and feel that may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff;

     viii.      From infringing Plaintiff's trade dress;

     ix.      From otherwise unfairly competing with Plaintiff;

     x.      From falsely representing themselves as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which

23

is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendants are associated with Plaintiff;

xi.     From infringing or contributing to the infringement of the Copyrighted Works;

xii.     From reproducing, distributing, or otherwise using or contributing to the reproduction, distribution or use of the Copyrighted Works, or any substantially similar or derivative works, and any other works found infringing;

xiii.     From using Defendants' Website or any design, compilation, or arrangement that is substantially similar to the Copyrighted Works, in any way in connection with any goods and services;

xiv.     From breaching the Agreement; and

xv.     From using Plaintiff's Confidential Information or Trade Secrets, as defined in the Agreement, for any purpose whatsoever.

f.     That Defendants be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendants, or third party advertisers and retailers of Defendants' products which bear the EWC Marks or any infringement thereof, including but not limited to the Accused Marks, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items.

g.      That Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with Paragraphs (e) and (f), and all subparts thereof.

h.      That Defendants be ordered to forthwith identify to Plaintiff all active and passive participants in the acts complained of herein;

i.      That Plaintiff recover Defendants' profits and the damages incurred by Plaintiff, arising from Defendants' acts of trademark infringement and unfair competition, and that the Court, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. § 1117(b).

j.      That Plaintiff recover Defendants' profits and the damages incurred by Plaintiff, arising from Defendants' acts of copyright infringement, including as authorized by 17 U.S.C. § 504.

k.      That Plaintiff recover statutory damages for Defendants' acts of counterfeit trademark infringement and copyright infringement, including as authorized by 15 U.S.C. § 1117 and 17 U.S.C. § 504.

l.      That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising.

m.      That Plaintiff recover damages sufficient to compensate it for Defendant Beth Hazlewood's breaches of the Agreement.

n.      That Plaintiff have and recover, pursuant to the laws of the State of New Jersey, and common law, in addition to its actual damages, punitive damages in an amount which the

Court deems just and proper.

o.      That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

p.      That Plaintiff be entitled to injunctive relief as set forth in § 34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§ 35(a) and 36 of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1118.

q.      That Plaintiff be entitled to injunctive relief as set forth in 17 U.S.C. § 504.

r.      That Plaintiff be entitled to injunctive relief as set forth in Paragraph 5 of the Agreement.

s.      That Plaintiff have and recover its reasonable attorney fees incurred in this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, 17 U.S.C. § 505, and/or as otherwise authorized.

t.      That Plaintiff have and recover its reasonable attorney and professional fees incurred in this action, as well as court costs and expenses, pursuant to Paragraph 6(a) of the Agreement.

u.      That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, 17 U.S.C. § 505, Fed. R. Civ. P. 54, the laws of the State of New Jersey, and/or as otherwise authorized.

v.      That Plaintiff have and recover such further relief as the Court may deem just and proper.

Dated: August 17, 2016

Respectfully submitted,

*s/Christine I. Gannon*
Christine I. Gannon
Eleonore Ofosu-Antwi
**WALSH PIZZI O'REILLY
FALANGA LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Telephone (973) 757-1100
Facsimile (973) 757 1090

**Of Counsel:**
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
W. John Eagan
Florida Bar No. 105,101
johneagan@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Attorneys for Plaintiffs EWC P&T,
LLC and EWC Franchise, LLC*

## RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: August 17, 2016

*s/Christine I. Gannon*
Christine I. Gannon
Eleonore Ofosu-Antwi
**WALSH PIZZI O'REILLY FALANGA LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Telephone (973) 757-1100
Facsimile (973) 757 1090

**Of Counsel:**
John Cyril Malloy, III
Oliver Alan Ruiz
W. John Eagan
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Attorneys for Plaintiffs EWC P&T, LLC and EWC Franchise, LLC*

## RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, I hereby certify that the above-captioned matter is not subject to compulsory arbitration.

<u>*s/Christine I. Gannon*</u>
Christine I. Gannon
Eleonore Ofosu-Antwi
**WALSH PIZZI O'REILLY FALANGA LLP**
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Telephone (973) 757-1100
Facsimile (973) 757 1090

**Of Counsel:**
John Cyril Malloy, III
Oliver Alan Ruiz
W. John Eagan
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Attorneys for Plaintiffs EWC P&T,*
 *LLC and EWC Franchise, LLC*

29